# EXHIBIT "A"

## LIST OF DOCUMENTS AND THINGS TO BE PRODUCED

When a DOCUMENT contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a DOCUMENT, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a DOCUMENT has been redacted or altered in any fashion, identify as to each DOCUMENT the reason for the redaction or alteration, the date of the redaction or alteration, and the PERSON performing the redaction or alteration. Any redaction must be clearly visible on the redacted DOCUMENT.

Any document, which was previously produced by the Debtor or any other party in interest and is relevant to this production, should be produced using the Bates label versions of such relevant documents.

**DEFINITIONS**

Words in CAPITAL LETTERS in these categories shall be defined as follows:

BARTON means Mr. Tim Barton.

COMMUNICATION or COMMUNICATIONS means any conveyance by any means from one PERSON to another of any facts, information, opinions, or thoughts, including without limitation written correspondence, electronic mail, or text messages, in whatever manner stored or created.

DOCUMENT or DOCUMENTS means any "writing" including any facsimile, email or other electronic records, film records, or reproductions in YOUR possession or known to YOU on usual inquiry. The term DOCUMENT includes, without limitation, all originals (and/or copies if the originals are not in the possession of the deponent), non-

identical copies (whether by reason of alteration or of marginal notes, including those made on Post-It® notes or their equivalent) of all manuscript, typed, printed, pictorial or graphic matters, however produced or reproduced, of every kind and description, including but not limited to records of any type, memoranda, letters, telegrams, notes, calendar pages, checklists, sound recordings of any type, correspondence, reports, written analyses, contracts, supplements, amendments and modifications of such contracts, licenses, agreements, illustrations, diagrams, instructions, photographs, films, video tapes, electronic or magnetic tapes, compact disks (including CD's, CD-ROM's, and DVD), computer printouts, floppy disks, reports, books, job or transaction files, records of telephone conversations, meetings or minutes of meetings, logs, bills, statements, invoices, diaries, journals, ledgers, or anything similar to any of the foregoing, however denominated by the deponent.

DEBTOR means 2999TC Founders, LLC.

AFFILIATED ENTITIES shall mean any entities in which Tim Barton or John McElwee are a member, manager, officer, director, signatory, has a power of attorney, ownership interest, management authority over or are authorized to act on behalf of the entity. This term includes, but is not limited to: 2999TC JMJ GMRG, LLC; JMJ Development, LLC; 2999TC Acquisitions, LLC; 2999TC Founders, LLC; 2999TC JMJ, LLC; 2999TC JMJ GM, LLC; 2999TC JMJ MGR, LLC; 2999 Five Star GM, LLC; Five Star GM, LLC; Five Star MM, LLC; and Five Star TC, LLC.

INSIDER means any relatives of Barton, any partnership in which the Debtor, Barton or McElwee is a general partner, any general partner of the Debtor, McElwee, or Barton or any corporation in which the Barton or McElwee is a director, officer, or person in control; any directors, officers, or persons in control of the Debtor, partnerships in which the Debtor or any of the Affiliated Entities is a general partner, a general partner of the Debtor, and the relatives of a general partner, director, officer, or person in control of the Debtor.

McELWEE means John McElwee.

PERSON or PERSONS means a natural person, living or dead; a corporation, association, club, organization, limited liability company, foundation, general partnership, limited partnership, other partnership, business, trust, professional corporation, business trust, syndicate, joint venture, or other legal or identifiable entity.

PETITION DATE means July 21, 2022.

YOU, YOUR, or YOURS means the Debtor.

**DOCUMENTS AND THINGS TO BE PRODUCED**

When a DOCUMENT contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a DOCUMENT, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.

You shall produce, pursuant to Rule 2004, Fed.R.Bankr.P., the following documents and materials:

1. Any bank statements and other Documents from all bank accounts owned by the Debtor or any Affiliated Entities from January 1, 2018 until the present date.

2. Any and all Documents showing the transfer or payment of any money in excess of $1,000.00 by the Debtor or any of the Affiliated Entities or any other company or entity owned or controlled by You to Barton, McElwee any Insider, any of the Affiliated Entities or any other entity affiliated with Barton or McElwee or which is owned or controlled by any relative, friend, business associate or affiliate of Barton or McElwee from January 1, 2018 until the present date.

3. Any and all Communications, including email messages to, from or copied to any agent, employee, relative, friend or attorney of the Debtor to or from Barton, McElwee, any attorney representing the Debtor, McElwee or any of the Affiliated Entities from January 1, 2018 until the present date;

4. Any and all Communications, including email messages to, from or copied to any officer, employee, agent or consultant employed by or working for the Debtor, or any of the Affiliated Entities regarding any money or assets transferred by the Debtor to Barton, McElwee, any of the Affiliated Entities, any Insider from January 1, 2018 until the present date;

5. Any and all Documents regarding any amounts owed to the Debtor by Barton, McElwee, any of the Affiliate Entities, any Insider or any relative, friend, business associate or affiliate of Barton or McElwee as of the Petition Date;

6. Any and all Documents regarding any amounts owed to any of the Affiliated Entities, any Insider or any other affiliate or relative of Barton or McElwee by the Debtor, any relative, friend, business associate or affiliate of Barton or McElwee;

7. Any and all Documents that are the organizational documents for the Debtor or any of the Affiliated Entities.

8. Copies of the Federal and Texas tax returns of the Debtor, and/or any of the Affiliated Entities for the years 2021, 2020, 2019 and 2018;

9. Any and all annual, quarterly and monthly financial statements including balance sheets, income statements, statements of cash flows, and statements of members' equity of the Debtor, any of the Affiliated Entities and any other affiliate of Barton or McElwee for 2022, 2021, 2020, 2019 and 2018.

10. Any and all Documents regarding any payments by the Debtor to Barton or McElwee or for the benefit of Barton or McElwee or to any of the Affiliated Entities or any relative, friend, business associate or affiliate of Barton or McElwee at any time after the formation of the company until the present date.

11. A list of the names of all employees, agents, consultants and workers who performed services for the Debtor for 2022, 2021, 2020, 2019 and 2018.

12. Any and all Quick Books accounts and reports for the Debtor or any of the Affiliated Entities, including all account receivables reports (in a searchable electronic format), cash receipts journals, a detailed general ledger (in searchable electronic format) and disbursements registers (in a searchable electronic format) as of year-end, for the last three years.

13. A list of the names of all employees, agents, consultants and workers who performed services for any of the Affiliated Entities during 2022, 2021, 2020, 2019 and 2018.

14. Any and all Documents, including emails between Barton or McElwee and any other person from January 1, 2018 until the present date regarding any transfer or requested transfer of money or other property by the Debtor or any of the Affiliated Entities to any of the Affiliated Entities or any relative, friend, business associate or affiliate of Barton in excess of $1,000.00;

15. A listing of all the banks, financial institutions, securities firms and financial analysts with whom the Debtor, any of the Affiliated Entities, any Insider or other affiliate of the Debtor, Barton or McElwee did business from January 1, 2018 until the until the present date;

16. Any and all Documents evidencing accounts owned by the Debtor, or any of the Affiliated Entities or other affiliate of Barton or McElwee with financial institutions that were closed within the last twenty-four months;

17. Any and all Documents regarding any payments or transfers of any money or other property having a value equal to or in excess of $1,000.00 to any Insider of the Debtor from January 1, 2018 until the Present Date.

18. Any and all personal financial statements or other Documents with financial information regarding the Debtor or any of the Affiliated Entities or the assets of any of those companies which were provided to any person at any time during 2018, 2019, 2020 or 2021.

19. All documents provided to the Debtor by Pam Kirby or provided by you to Ms. Kirby.

20. All documents provided to the Debtor by any and all other investors, whether individuals or entities, in the Debtor.

21. All documents provided by the Debtor to any and all other investors, whether individuals or entities, in the Debtor.

22. All documents relating in any person who invested funds in the Debtor.

23. Identify the names of each and every accountant and lawyer that in any manner has performed any legal or accounting advice for the Debtor, any of the Affiliated Entities, Barton, or John McElwee. The response herein includes the names, addresses and phone numbers of each and every accountant and lawyer who performed said services from the date of the planning stage of the development described in **Exhibit "1".**

24. Identify the names of the securities and accounting professionals who provided any and all securities, corporate/company legal and accounting advice in connection with all filings with the Securities and Exchange Commission and/or Texas and all state regulatory agencies or commissions with respect to the Debtor or any of the Affiliated Entities including the names, addresses and phone numbers of those professionals.

25. All Documents reflecting the receipt of any money, funds or assets from Pam Kirby and the transfers of any of those funds to any account, banking investment fund or holding account belonging to the Debtor, any of the Affiliate Entities or any other person at any time. This request includes the monthly banking statements from 2019 to present which show what financial institution, person or entity received the funds Pam Kirby.

26. All Documents, including spreadsheets, regarding the assets, liabilities or operations of the Debtor and any of the Affiliated Entities and identify the persons who created those documents or spreadsheets from 2018 to present.

**27.** All Documents sent to or received from Barton, McElwee and/or any of their agents, representatives or contractors reflecting, in any manner, the need to raise further capital to meet obligations of the Debtor or any of the Affiliate Entities.

28. Identify and produce all documents, correspondence, emails, notes, facsimiles to or from any professional or person, indicating that the prospect of any bankruptcy filing that might be considered for the Debtor or any of the Affiliated Entities from 2018 to present.

29. As to any transfer of funds or other property by the Debtor or any of the Affiliated Entities:

a. provide any and all Documents regarding the description/location of the real or personal property/money/funds transferred;

b. identify of each and every owner of the real, personal property/money/funds prior to the transfer;

c. the identity of each recipient of each such transfer;

d. the date of all said transfers, the percent of interest acquired or owned by the Debtor or any of the Affiliated Entities;

e. the consideration paid by each recipient of each transfer;

30. Copies of any Complaint filed against the Debtor, any of the Affiliated Entities, Bartion or McElwee from 2010 to the present.

31. Identify any and all investigations by any public state or federal entity concerning the Debtor, any of the Affiliated Entities, Barton or Mcelwee after 2015 and all Documents relating to each such investigation.